LEMMON, Judge,
dissenting.
The concept of putting in default being unnecessary as a vain and useless act generally contemplates an active breach, one in which the obligor’s act of doing makes his performance impossible or worthless, such as when the seller in a sales contract sells to someone else the thing he contracted to sell to the buyer. 7 Litvinoff, Louisiana Civil Law Treatise — Obligations, Book 2, § 233 *DLXIV (1975). When the obligor’s conduct has made it evident he will not perform, he may reasonably be deemed to be automatically in default, and a putting in default is not required.
In the present case the only evidence from which one could draw the conclusion that the buyer’s putting the seller in default was a vain and useless thing is the buyer’s agent’s testimony that the seller’s agent told him the seller “had decided not to sell the house”. Such a statement, even if made by the seller, does not compel the conclusion that the seller will not perform if called upon to do so under penalty of forfeiting double the deposit. Although the seller desires to withdraw, he may under threat of default prefer to perform than to pay the penalty. Indeed, the very purpose of putting in default is for the obligee to warn the obligor formally that the time for performance has come and that unless performance is rendered as agreed he will be responsible for any damages sustained by the obligee. Litvinoff, above, § 175.
The buyer in this case did not notify the other contracting party, verbally or in writing, that he had set a reasonable time and place at which he would be available to perform his obligation under the contract. Neither did he notify the other party, verbally or in writing, that he demanded performance under penalty of default. On this record one cannot reasonably conclude that the seller would not have performed if notified that his failure to do so would render him liable for damages. The only reasonable conclusion which can be drawn from this record is that both parties are to blame for not having executed the act of sale on or before the agreed date, and the contract should be considered as dissolved by reason of the fault of both parties. Litvinoff, above, § 250.
The judgment should be modified to require the seller only to return the buyer’s deposit.